IN THE SUPREME COURT OF NORTH CAROLINA

No. 413A14

Filed 18 December 2015

STATE OF NORTH CAROLINA

v.

RONALD MICHAEL McCRARY

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 764 S.E.2d 477 (2014), affirming in part and remanding in part for additional findings of fact an order denying motions to suppress and to dismiss entered on 18 March 2013, which resulted in judgments entered on 21 March 2013, all by Judge W. Osmond Smith in Superior Court, Chatham County. On 10 June 2015, the Supreme Court allowed defendant's petition for writ of certiorari and the State's petition for discretionary review. Heard in the Supreme Court on 16 November 2015.

*Roy Cooper, Attorney General, by Catherine F. Jordan, Assistant Attorney General, for the State-appellant/appellee.*

*John L. Wait for defendant-appellant/appellee.*

PER CURIAM.

This case comes before this Court from the Court of Appeals, which affirmed the trial court's 18 March 2013 order denying defendant's motion to dismiss, but remanded the case "to the trial court to make additional findings of fact addressing

the availability of a magistrate and the additional time and uncertainties in obtaining a warrant, as well as the other attendant circumstances that bear upon the conclusion of law that exigent circumstances existed that justified the warrantless blood draw." *State v. McCrary*, ___ N.C. App. ___, ___, 764 S.E.2d 477, 483 (2014) (internal quotation marks omitted). In considering this case, the trial court did not have the benefit of the opinion of the United States Supreme Court in *Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552 (2013). Moreover, in remanding to the trial court for further findings of fact, the Court of Appeals did not vacate or reverse the trial court's previous order.

We affirm the Court of Appeals majority opinion to the extent it affirms the trial court's denial of defendant's motion to dismiss. In addition, we remand to the Court of Appeals with instructions to that court to vacate the portion of the trial court's 18 March 2013 order denying defendant's motion to suppress and further remand to the trial court for (1) additional findings and conclusions—and, if necessary—a new hearing on whether the totality of the events underlying defendant's motion to suppress gave rise to exigent circumstances, and (2) thereafter to reconsider, if necessary, the judgments and commitments entered by the trial court on 21 March 2013. Defendant's petition for a writ of certiorari and the State's petition for discretionary review were improvidently allowed.

AFFIRMED IN PART AND REMANDED; PETITIONS FOR WRIT OF CERTIORARI AND FOR DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.